**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROGER RUBLE**<br>4845 Polen Drive<br>Dayton, OH 45440<br><br>and<br><br>**ELAINE RUBLE**<br>4845 Polen Drive<br>Dayton, OH 45440<br><br>          Plaintiffs,<br><br>vs.<br><br>**THE PNC FINANCIAL SERVICES**<br>**GROUP, INC.**<br>The Tower at PNC Plaza<br>300 Fifth Avenue<br>Pittsburgh, PA 15222<br><br>          Defendant. | CASE NO.:  2:22-cv-717<br><br>JUDGE:  MPK<br><br><br><br><br><br>**COMPLAINT FOR**<br>**DECLARATORY JUDGEMENT** |

Now come Plaintiffs Roger and Elaine Ruble, by and through counsel, and for their Complaint for Declaratory Judgment state as follows:

## PARTIES

1.     Plaintiff Roger Ruble is an Ohio resident residing at 4845 Polen Drive, Dayton, Ohio 45440.

2.     Plaintiff Elaine Ruble is an Ohio resident residing at 4845 Polen Drive, Dayton, Ohio 45440.

3.     Defendant The PNC Financial Services Group, Inc. (hereinafter "PNC"), is a Pennsylvania corporation with its principal place of business located at The Tower at PNC Plaza, 300 Fifth Avenue, Pittsburgh, Pennsylvania 15222.

## JURISDICTION

4.      This Honorable Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1332 as there is complete diversity and PNC is seeking reimbursement of an amount in excess of $75,000.00.

## VENUE

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that Defendant PNC has its principal place of business in this judicial district.

## INTRODUCTION

6.      This Complaint for Declaratory Judgment is filed pursuant to Civil Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, in which Plaintiffs seek a determination of their rights and responsibilities under a specific plan for benefits issued by Defendant PNC Financial Services Group, Inc.

7.      At all times pertinent, Plaintiff Elaine Ruble was an employee of Defendant PNC.

8.      Defendant PNC provided its employees and their family members with a program of benefits, including benefits for medical coverage as laid out in the Plan Document and Summary Plan Description (hereinafter the "Plan"), a copy of which is attached hereto as "**Exhibit A**".

9.      At all times relevant hereto, Defendant PNC was both the Plan Sponsor and the Plan Administrator under the Plan.

10.      Plaintiff Roger Ruble is and was at all times relevant hereto the husband of Plaintiff Elaine Ruble and therefore a family member covered under the Plan.

11.      There exists a real, substantial and justiciable issue in controversy between the parties hereto with respect to the rights and obligations between the parties under the Plan as well as the existence, nature and extent of PNC's subrogation interest in this matter under the circumstances.

12.     A judicial determination and declaration of the rights and obligations of the parties is necessary and appropriate at this time because Plaintiffs have no other adequate remedy at law with which to resolve the current controversy.

## FACTUAL BACKGROUND

13.     This action arises out of allegations of medical malpractice which occurred in Montgomery County, Ohio, between November 6th and 7th, 2019, which resulted in the paralysis Plaintiff Roger Ruble.

14.     On or about November 6, 2019, Mr. Ruble presented to Kettering Hospital's Emergency Department with shortness of breath, fever, fatigue and right knee pain, swelling and redness. He was diagnosed with sepsis, though the location was undetermined, and remained in the emergency room overnight.

15.     When Mr. Ruble initially arrived at the hospital, he still had intact sensation and motor function of his lower extremities, however, throughout the night he began feeling numbness in his legs. By the time Mr. Ruble was reevaluated the following morning in order to complete his admission, it became clear that his neurological condition had deteriorated leaving him essentially paraplegic and without sensation from the breast line down.

16.     An MRI taken later in the morning of November 7, 2019, showed an epidural abscess in Mr. Ruble's upper thoracic spine and he underwent spinal surgery that afternoon.

17.     The Plan paid for the medical bills resulting from the spinal surgery as well as other medical care and treatment.

18.     Plaintiffs originally filed suit for medical malpractice in the Court of Common Pleas in Montgomery County, Ohio on March 2, 2020, alleging negligence for the medical providers' delay in performing the necessary imaging to diagnose the spinal epidural abscess

3

which left Mr. Ruble permanently paralyzed. A copy of Plaintiffs' prior complaint is attached hereto as "**Exhibit B**".

19.     During the course of litigation of the medical malpractice lawsuit, Plaintiffs ultimately reached a settlement with the defendant medical providers and the case was dismissed.

20.     In the wake of this settlement, Defendant PNC has claimed that it is entitled to reimbursement of the entirety of the medical bills that it paid for Mr. Ruble's medical care and treatment, including the medical bills relating to the diagnosis of the spinal epidural abscess and resulting spinal surgery.

21.     The burden is on Defendant PNC to prove the existence and the extent of its right to subrogation.

22.     Plaintiffs dispute the extent of PNC's reimbursement and/or subrogation rights with respect to these medical bills, in particular those relating to treatment that Mr. Ruble would have required regardless of the medical negligence alleged in the litigation.

## CLAIM FOR RELIEF – DECLARATORY JUDGMENT
### (Right of Subrogation)

23.     The preceding paragraphs are hereby realleged as if fully restated herein.

24.     There exists an actual, substantial and justiciable issue in controversy between the parties hereto with respect to the existence and extent of PNC's alleged subrogation interest and right to reimbursement under the Plan for the entirety of Plaintiff's medical bills.

25.     A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time because Plaintiffs have no adequate remedy at law which will resolve the current controversy.

26.     Under the language of the Plan, PNC claims to have a subrogation interest in any funds or monies that its covered beneficiaries recover from any third party in certain enumerated

situations such as, "[W]hen *related medical expenses that arise through an act or omission of another person* are paid by a third party, whether through legal action, settlement or for any other reason, you or your family member will reimburse the Plan for the related benefits received out of any funds or monies you or your family member recovers from any third party." (Exhibit A at 17) (emphasis added).

27.     The underlying condition, the spinal epidural abscess, was present and would have required the surgery as well as the subsequent hospitalizations and treatment Mr. Ruble received, regardless of the delay in diagnosis. Treatment which PNC was obliged to cover the expenses for under the terms of the Plan.

28.     Despite PNC's assertions to the contrary, under the clear language of its own Plan, as the medical expenses for these underlying conditions did not arise from the "act or omission of another", these bills would not be "related medical expenses" to which PNC would have a right to reimbursement.

29.     If PNC has a valid subrogation interest, such interest would be limited to those medical expenses which would not have been incurred but for the delay in treatment, such as those related to the treatment of the spinal cord compression, paraplegia, neurogenic bladder, and neurogenic bowel, the only injuries for which Plaintiffs sought recovery in the malpractice lawsuit.

WHEREFORE, Plaintiffs Roger Ruble and Elaine Ruble pray for judicial declaration from this Honorable Court that:

(a) Defendant Financial Services Group, Inc.'s rights of reimbursement and/or subrogation, if any, extend only to the recovery of damages relating to medical expenses incurred as a direct and proximate result of the malpractice defendants'

negligent conduct, and do not extent to those amounts PNC paid for care and treatment

that Mr. Ruble would have required regardless of said negligence; and

(b) Defendant Financial Services Group, Inc. be required to plead and prove the extent of

its right of recovery, subject to the limitations set forth above.

Respectfully submitted,

*/s/ Joshua D. Payne*
Joshua D. Payne, Esq. (OH 0101244)
NURENBERG, PARIS, HELLER
& McCARTHY CO., L.P.A.
600 Superior Avenue East Suite 1200
Cleveland, Ohio 44114
Office: (216) 621-2300
Fax:    (216) 771-2242
Email: jpayne@nphm.com

*Counsel for Plaintiff*